**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **QUINTIN HAWKINS,** | : | Case No.  C-1-01-783 |
| **Plaintiff,** | : | **(Judge Weber)** |
| v. | : | **PLAINTIFF'S PROPOSED** |
| | | **FINAL PRETRIAL ORDER** |
| **THOMAS STANTON, et al.,** | : | |
| **Defendants.** | : | |

<u>**APPEARANCES**</u>

For Plaintiff:        Fanon A. Rucker     (0066880)
                      Santen & Hughes
                      312 Walnut Street, Suite 3100
                      Cincinnati, OH 45202

For Defendants:       Michael Harmon     (0018344)
                      City of Cincinnati
                      801 Plum Street, Room 226
                      Cincinnati, OH 45202

                      Stephen Lazarus       (0041368)
                      Hardin Lefton Lazarus Marks, LLC
                      915 Cincinnati Club Building
                      30 Garfield Place
                      Cincinnati, OH 45202

Plaintiff submits the proposed order to the Court as Plaintiff's Proposed Final Pretrial

Order because Defendants have failed to reply to the Joint Proposed Final Pretrial Order sent to

counsel two weeks ago.

**<u>Preliminary Statement</u>**

The events that are the subject of this lawsuit occurred between July 30, 2001 and August

16, 2001.  When the action was filed late in 2001, the Complaint identified John Doe Hamilton

County Employees.  Hamilton County was sent notice of the lawsuit immediately upon the filing of the lawsuit.  Several employees of Hamilton County were deposed in 2002, as potential parties or witnesses to the action.  The employees were represented by legal counsel for the County.  Counsel for the County participated in the scheduling, and the taking, of the named Cincinnati Police Officer Defendants.  The County has had notice of the action, and has had notice of the County's involvement in the incident since the very beginning of this action.

As the City of Huntsville, Alabama employees were Plaintiff's witnesses, Plaintiff did not take discovery depositions of the witnesses.  Between January 2002 and November 2003, the Defendants did not contact, nor did they seek to the take discovery depositions of the Alabama employees.  Upon learning the Alabama employees would not travel to Cincinnati for trial, Plaintiff's counsel traveled to Alabama to take the trial depositions of the witnesses.  A transcript of each of the depositions is attached as required by Section E of this Court's Order.  Counsel for Defendants (not including the County), participated in the depositions by telephone.  The depositions were taken on November 21, 2003.

As a result of the trial depositions, the identities and roles of certain Hamilton County employees was clarified.  One such Hamilton County employee, Richard Ruzcsa, was deposed by Plaintiff in 2002.  There are significant inconsistencies in Ruzcsa's deposition testimony as compared to the exhibits and the statements of the Alabama employees.

Immediately upon returning from Alabama, Plaintiff's counsel contacted counsel for Hamilton County and advised of the newly-discovered information.  Upon request, copies of the Alabama depositions were forwarded to counsel for Hamilton County immediately upon receipt, early in December.  Though there has been communication between Plaintiff's counsel and counsel for Hamilton County, no resolution was reached upon the filing of the Pre-trial

2

statement.  Consequently, Plaintiff wishes to advise this Court that, based upon the newly-acquired information, Plaintiff intends to file a motion to amend the Complaint to name parties that were previously characterized in the Complaint as John Doe Hamilton County Employees. Plaintiff understands the filing of this Motion may delay proceedings; however, considering the involvement of Hamilton County since the filing of this action, there may be no need to alter the trial date.

A.    **EXPERT WITNESSES**

Plaintiff hereby certifies that all parties have complied with Rule 26 of the Federal Rules of Civil Procedure pertaining to expert testimony.  No expert testimony will be presented in this matter.

B.    **WITNESS LIST**

**Plaintiff's Witnesses:**

**Quintin Hawkins**
**Michael Macchenheimer**
**Thomas Stanton**
**Don Luck**
**Rodney Pompey**
**Richard Ruscza**
**Rex Reynolds** (by video deposition)
**Kathy Pierce** (by video deposition)
**Esther Mae Funk** (by video deposition)

Defendants have not provided Plaintiff with a list of its witnesses.  Consequently, the above list encompasses the entire list of witnesses of which Plaintiff is currently aware.

C.    **PREPARATION OF EXHIBITS**

Plaintiff certifies that all documents, photographs, and other materials expected to be used at trial by Plaintiff have been assembled, properly identified and provided to counsel for Defendants, as required by C.(1) and C.(2) of this Court's Order Instructing Certain Pretrial and

Trial Procedures.  Defendants have not provided any such Exhibits or Exhibit List.  Plaintiff

anticipates that a copy of all Exhibits will be submitted to the Court within 5 business days prior

to the pretrial conference.

D.    **JURY INSTRUCTIONS**

Plaintiff certifies that Requests for jury instructions and Special Verdict Forms will be

submitted to the other, and to this Court, as prescribed by Section D. of this Court's Order

Instructing Certain Pretrial and Trial Procedures.

E.    **DEPOSITIONS, INTERROGATORIES AND ADMISSIONS**

Plaintiff intends to present the attached Admissions of Thomas Stanton and Rodney

Pompey.  Additionally, Plaintiff intends to present the entire videotape depositions of Rex

Reynolds, Esther Mae Funk and Kathy Pierce.

F.    **HYPOTHETICAL QUESTIONS**

Plaintiff does not intend to ask any complex hypothetical questions on direct

examination.  Defendants were not responsive to the draft of the Order.

G.    **DEMONSTRATIVE EVIDENCE**

The parties certify that any sketches, models, diagrams or demonstrative evidence of any

kind will be presented to the other party at least 10 days prior to trial.

H.    **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff certifies that, concurrent with the filing of this Order, plaintiff has provided

Defendants with Plaintiff's Proposed Findings of Fact and Conclusions of Law necessary to be

made to support a favorable judgment.  Plaintiff will provide to this Court a disk of the Proposed

Findings of Fact and Conclusions of Law within 10 days before trial, in the manner prescribed

by Section H. of this Court's Order Instructing Certain Pretrial and Trial Procedures.  Defendants

have not provided Plaintiff with their proposed Findings of Fact and Conclusions of Law.


Respectfully submitted,


s/Fanon A. Rucker
Fanon A. Rucker        (0066880)
Counsel for Plaintiff
Santen & Hughes
312 Walnut Street - Suite 3100
Cincinnati Ohio 45202
(513) 721-4450


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Plaintiff's Proposed Final Pretrial Order was served this 5th day of January, 2004 upon the following:

> Michael Harmon
> City of Cincinnati
> 801 Plum Street, Room 226
> Cincinnati, OH 45202
>
> Stephen Lazarus
> Hardin Lefton Lazarus Marks, LLC
> 915 Cincinnati Club Building
> 30 Garfield Place
> Cincinnati, OH 45202

> s/Fanon A. Rucker
> Fanon A. Rucker

234473.2