# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| QUINTIN HAWKINS, | : | Case No.  C - 1 - 01 - 783 |
| **Plaintiff,** | : | (Judge Weber) |
| **vs.** | : | |
| THOMAS STANTON, et al., | : | APPLICATION FOR CHANGE IN SCHEDULING ORDER |
| **Defendants.** | : | |

Defendants Stanton, Machenheimer, and Pompey, in both their individual and official capacities, through their undersigned counsel, hereby respectfully request the Court to enter a new scheduling order.  In the alternative, Defendants request that the Court grant them thirty (30) days leave, until February 9, 2004, to file a dispositive motion.  The reasons for this request are set forth in the accompanying memorandum.

Respectfully submitted,

JULIA L. McNEIL (0043535)
CITY SOLICITOR

/s/ Stephen S. Lazarus
Stephen S. Lazarus (0041368)
Hardin, Lefton, Lazarus & Marks
SPECIAL COUNSEL FOR DEFENDANTS
915 Cincinnati Club Bldg.
30 Garfield Pl.
Cincinnati, Ohio 45202
(513) 721-7300
Fax 721-7008
stevelazarus@hllmlaw.com

/s/ Michael J. Harmon
Michael J. Harmon (0018344)
Senior Assistant Solicitor
COUNSEL FOR DEFENDANTS
214 City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3333/3334
Fax 352-1515
mike.harmon@cincinnati-oh.gov

1

<u>MEMORANDUM</u>

There are four reasons why Defendants Stanton, Machenheimer, and Pompey, who are City of Cincinnati police officers, are requesting a new scheduling order, or, in the alternative, leave at this time to file a dispositive motion.

There have been no prior requests for a continuance or extension.  The Court's prior scheduling Order (Doc.29), entered June 31, 2003, did not set a dispositive motion deadline.

The first reason is that Plaintiff has suddenly announced, in Plaintiff's Proposed Final Pretrial Order filed today, his intent to file a motion to amend his complaint to name parties previously characterized as John Doe Hamilton County Employees.

Secondly, due to conflicts in counsels' schedules, geographic distance, difficulties with another jurisdiction, and unexplained glitches in communicating with authorities in Huntsville, Alabama, the depositions of three key witnesses, members of the Huntsville police department, as Plaintiff has indicated, were not concluded until November 21, 2003.  Copies of the transcripts of those depositions were not mailed out to the City Defendants until December 12. Defendants received them only two weeks ago.  Copies of signature pages have not yet been received.

Third, there has been ongoing confusion in this case regarding the status of the Hamilton County, Ohio, Defendants, who are specified in the Complaint as "John & Jane Does, individually and officially, Hamilton County Employees."  The City of Cincinnati Defendants have been unable to fully prepare their defense while it is not known whether or not the County Defendants, whose identities were revealed in discovery well over a year ago, are actually parties. Until the status of the County Defendants is resolved, the City Defendants are unable to proceed.

2

Fourth, City Defendants agree with the Plaintiff that the recently concluded Alabama depositions have brought new information to light.  City Defendants believe that these depositions have established  relevant facts contrary to what had been represented by the Plaintiff.  These facts will enable the parties and the Court to more adequately address matters properly considered on a Motion for Summary Judgment.  In particular, these facts are germane to the defense of qualified immunity.  A review by the Court of a summary judgment motion with deposition testimony and documents attached will likely burden the court and the parties a lot less than a lengthy trial.  If a dispositive motion does not resolve the case in its entirety, it will still serve a very useful purpose in streamlining issues prior to trial and will facilitate ultimate settlement discussion.  Thus, justice and efficiency will both be furthered if Defendants are permitted to file a dispositive motion.

CONCLUSION

For these reasons, Defendants Stanton, Machenheimer, and Pompey respectfully request the Court to issue a new scheduling order or, in the alternative, grant them thirty (30) days, until February 9, 2004, to file a dispositive motion.

Respectfully submitted,

JULIA L. McNEIL (0043535)
CITY SOLICITOR

_/s Michael J. Harmon
Michael J. Harmon (0018344)
COUNSEL FOR DEFENDANTS,
STANTON, MACHENHEIMER, & POMPEY

<u>/s Stephen S. Lazarus</u>
Stephen S. Lazarus (0041368)
SPECIAL COUNSEL

3

**<u>Certificate of Service</u>**

A copy of the foregoing Application has been served upon counsel for the

Plaintiff, Fanon A. Rucker, Esq., Santen & Hughes, Suite 3100, 312 Walnut Street,

Cincinnati, Ohio 45202, electronically and by FAX to (513) 721-0109 this 6th day of

January, 2004.

<u>/s/ Michael J. Harmon</u>
Michael J. Harmon

4