IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| QUINTIN HAWKINS, | : | Case No. C-1-01-783 |
| Plaintiff, | : | (Judge Weber) |
| v. | : | PLAINTIFF'S REPLY TO DEFENDANTS' APPLICATION |
| THOMAS STANTON, et al., | : | FOR CHANGE IN SCHEDULING ORDER |
| Defendants. | : | |

Now comes Plaintiff, by and through counsel, and briefly replies to Defendants' Application for Change in Scheduling Order. For the reasons below, Plaintiff requests this Court deny Defendants' request and leave the scheduling order in tact.

Respectfully submitted,

s/Fanon A. Rucker
Fanon A. Rucker     (0066880)
Counsel for Plaintiff
Santen & Hughes
312 Walnut Street - Suite 3100
Cincinnati Ohio 45202
(513) 721-4450

## MEMORANDUM

Upon review of Defendants' Application, it is clear that Defendants seek to blame several external factors for their refusal to comply with this Court's and the previously assigned Court's Orders. Defendants also make several misrepresentations that, by the docket sheet, are clearly incorrect. Plaintiff addresses each of Defendants' points in turn.

**Point 1.**

Defendants have suggested that there have been no prior deadline for dispositive motions. This is plainly incorrect. This mater was filed on November 13, 2001. (Doc. 1). On March 14, 2002, a Scheduling Order was entered. (Doc. 6). According to the Scheduling Order, the discovery deadline was January 10, 2003, and the Dispositive Motion filing deadline was March 3, 2003. (Id.). The trial was scheduled to begin August 4, 2003. (Id.). On February 22, 2002, Plaintiff provided, to Defendants, Rule 26 disclosures that included the identities of Huntsville, Alabama employees and several documents to be entered as exhibits. From March 14, 2002 through December 18, 2002, Plaintiff took several discovery depositions and requested information through admissions, interrogatories and requests for production of documents. On February 4, 2003, by Plaintiff's agreement and beyond the scheduling deadline, Defendants noticed the taking of Plaintiff's deposition, the ONLY deposition Defendants sought to take in this case. (Doc. 26).

Due to Defendants' failure to respond to Plaintiff's requests for discovery during the course of the case, Plaintiff was forced to Move for Default Judgment, Sanctions and Contempt against Defendants. (Doc. 17, 20). Despite Judge Dlott's later ruling finding the Motion moot, Defendants were originally ordered to pay, and actually did pay, Plaintiff's fees incurred by the preparation of the Motion and the taking of Defendants' deposition.

Several weeks before trial, Judge Dlott recused herself from this matter. (Doc. 28). On June 30, 2003, the matter was reassigned for Pre-trial and Trial before this Court in the February term. (Doc. 29). As it was scheduled for Pre-trial and Trial, and because dispositive motions were long past their deadlines, there was no need to amend the entire scheduling order.

Defendants' representation that there was no dispositive motion deadline is completely incorrect and misleading.

**Point 2.**

Plaintiff does not dispute that the Proposed Final Order evinces an intent to request an amendment to the Complaint. However, such an amendment, in no way, affects Defendants' ability to comply with the Scheduling Order that was entered on March 14, 2002, or to comply with this Court's Order to file a Joint Final Pre-trial Order by January 5, 2004. Plaintiff also points out that, as of the filing of this document, Defendants have not yet complied with this Court's Order.

**Point 3.**

Defendants suggest that external factors (conflicts in schedules, geographic distance, difficulties with another jurisdiction, and unexplained glitches) are the reasons the Huntsville, Alabama witnesses' testimony was not taken between March 2002 and November 2003. It is clear from the records, Defendants never sought to depose the witnesses that were known to them from the very beginning of this litigation. The federal rules contain procedures at all parties disposal to secure discovery depositions of potential witnesses.

Plaintiff also represents the Huntsville depositions were for purposes of trial, not discovery, as is clearly indicated in the Notices and in the videotaped depositions themselves. Furthermore, the Huntsville depositions were only taken because Plaintiff Noticed the depositions, Plaintiff subpoenaed and set-up the depositions in Huntsville, Alabama, Plaintiff bore the costs of renting space in Huntsville, and Plaintiff bore the costs of traveling to

Huntsville to take the depositions. Defendants participated in the depositions by telephone in Cincinnati and, to Plaintiff's knowledge, did not communicate with the Huntsville witnesses until the day prior to the depositions that were set up by Plaintiff.

Defendants excuse here is groundless.

**Point 4.**

Defendants suggest that "confusion . . . regarding the status of the Hamilton County Defendants" somehow affected Defendants' rights or Defendants' ability to mount a defense in this case. Defendants' claim here is, once again, groundless. The City Defendants were well within their rights to file cross claim, counterclaims, or third-party claims against any parties they believed were responsible. The City Defendants failed to do so. The status of the County Defendants, in no way, affected the currently named Defendants' ability to pursue defenses or to comply with the Scheduling Order entered on March 14, 2002.

**Point 5.**

The Huntsville depositions were taken for use as evidence at trial, and have been identified as such in the Notices and the Pre-Trial Order. Defendants failed to comply with the agreed upon Scheduling Order entered in this case on March 14, 2002, almost two years ago. Defendants attempt to utilize Plaintiff's stated intent to name parties that have been involved in this matter for two years, in order to cover their failure to conduct discovery, failure to comply with two Court's scheduling Orders and their failure to file dispositive motions in a timely manner is not proper. The anticipated request to amend the Complaint should not disturb the previously filed Scheduling Order for the benefit of the noncompliant Defendants.

Finally, Plaintiff once again states that Defendants failed to provide any feedback to the Joint Proposed Final Pre-trial Order mailed to Defendants several weeks ago. As of the filing of this document, Defendants have not yet provided exhibit lists, witness lists, or Defendants' Proposed Findings of Fact and Conclusions of Law as required by this Court's Order.

## CONCLUSION

Wherefore, Plaintiff respectfully requests this Court overrule Defendants' Application and recognize the previously filed and agreed-upon Scheduling Order for purposes of discovery issues.

Respectfully submitted,

s/Fanon A. Rucker
Fanon A. Rucker     (0066880)
Counsel for Plaintiff
Santen & Hughes
312 Walnut Street - Suite 3100
Cincinnati Ohio 45202
(513) 721-4450

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Reply to Defendants' Application for Change in Scheduling Order was served this 6th day of January, 2004 upon the following:

Michael Harmon
City of Cincinnati
801 Plum Street, Room 226
Cincinnati, OH 45202

Stephen Lazarus
Hardin Lefton Lazarus Marks, LLC
915 Cincinnati Club Building
30 Garfield Place
Cincinnati, OH 45202

                                            s/Fanon A. Rucker
                                            Fanon A. Rucker

235953.1