IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **QUINTIN HAWKINS** | : | Case No. C-1-01-783 |
| | : | |
| Plaintiff | : | Judge Herman Weber |
| | : | |
| vs. | : | MOTION OF BOARD OF COUNTY |
| | : | COMMISSIONERS OF HAMILTON |
| **THOMAS STANTON, et al.** | : | COUNTY, OHIO TO DISMISS CLAIMS |
| | : | AGAINST JOHN AND JANE DOES, |
| Defendants | : | INDIVIDUALLY AND OFFICIALLY, |
| | : | HAMILTON COUNTY EMPLOYEES |

Pursuant to Civil Rule 4(m), the Board of County Commissioners of Hamilton County, Ohio, appearing specially and without waiver of service of summons and complaint, hereby move this Honorable Court to dismiss plaintiff's claims against "John and Jane Does, Individually and Officially, Hamilton County Employees." Plaintiff did not effect service of process or give any notice of this suit to the potential defendants within 120 days of the filing of the complaint. Therefore, pursuant to Civil Rule 4(m), this court must dismiss the purported claims asserted against these unknown defendants, without prejudice. This motion is supported by the attached Memorandum and the Affidavits of Gail Wright and Stephen K. Shaw, filed in support hereof.

        Respectfully submitted,
        Michael K. Allen
        Hamilton County Prosecuting Attorney


        /s/ Stephen K. Shaw
        Stephen K. Shaw, 0018652
        Assistant Prosecuting Attorney

Trial Attorney for Hamilton County Board of
County Commissioners
230 E. Ninth Street, Suite 4000
Cincinnati, OH 45202
513/946-3071
513/946-3018 (Fax)
sshaw@prosecutor.hamilton-co.org

## MEMORANDUM

Plaintiff's complaint alleges:

> 9. John and Jane Does (hereinafter referred to as "Defendant Does") were at all times relevant, as yet unidentified employees of Hamilton County that acted under the color of law and the power of their authority as employees of Hamilton County to intentionally violate Plaintiff's constitutional rights. Defendant Does will be identified as more information becomes available. Defendant Does are sued in their official and individual capacities.

Plaintiff filed the complaint herein on November 13, 2001. Fed. R. 4(m) provides that the court "<u>shall</u> dismiss the action" against a party that is not served within 120 days of the filing of the complaint. (Emphasis added.) Plaintiff has never served the complaint on any Hamilton County entity or person and did not mail a copy of the complaint to any Hamilton County entity until approximately May 23, 2002, long after 120 days of the filing of the complaint (the 120 days ended on March 13, 2002). The Affidavit of Gail Wright establishes that the complaint was first received by the Sheriff's Department on, or about, May 23, 2002. (Affidavit of Gail Wright, Para. 8). This is more than 60 days after the 120 day deadline for service of the complaint.

More significantly, no employees, individually or in their official capacity, were <u>ever</u> served with the Summons and Complaint or placed on notice that they might be parties to the action. Thus, none of the employees can be added as parties to the litigation since plaintiff has never given any individual employee notice that s/he may be made a party to the suit or may be

the person described in the complaint.

The language of Civil Rule 4(m) is mandatory. It is not discretionary on the part of the Court. While the Court can extend the time for service, upon a showing of "good cause," there is no excuse and no "good cause" when the potential defendants are allegedly employees of the Board of County Commissioners (or of the Sheriff) in the County in which the action is pending. Plaintiff had various options available to him, including serving the Summons and Complaint on the Sheriff to bring him in as a party in his official capacity, and obtaining discovery from the Sheriff as to the identities of individuals who may have violated plaintiff's rights. Thus, this action must be dismissed as required by Civil Rule 4(m).

Furthermore, plaintiff made minimal efforts to identify the potential individual defendants prior to the expiration of 120 days. Before filing the complaint, he requested the Sheriff's records pertaining to the detention of Mr. Hawkins. Those documents were sent to him on or about September 28, 2001. (Affidavit of Gail Wright) He then wrote two letters, one making an improper records request from the Sheriff, purportedly under R.C. §149.43, dated November 13, 2001, the second requesting information on December 10, 2001. In response to the second request a list of employees was provided. These letters demonstrate that plaintiff had partial names. The records demonstrate that he also had the name of a Hamilton County fingerprint technician who was involved in the matter.

Plaintiff's counsel had many opportunities and means for obtaining documentation of individuals who were involved on behalf of the Sheriff's department. The information he needed to identify any potential individual defendants was easily available to him if he asked for the right information and the right documents. Counsel's failure to make reasonable efforts to obtain

documents that would identify any potential individual defendants is not "good cause" to allow service more than 120 days in order to cause the amendment to relate back to the date of filing.

Even if he needed more time, it is not reasonable to wait for more than two years after the filing of the complaint to seek to add individual defendants to the action. Moreover, plaintiff had available to him the names of all potential defendants after completing a series of three county Sheriff's department employee depositions in August and September 2002. (Affidavit of Stephen K. Shaw) As plaintiff neglected to amend the complaint to name the John Doe County defendants and has failed to serve the summons and complaint on any of them at any time, he is now barred from doing so by F.R.C.P. 4(m). (Affidavit of Gail Wright; Affidavit of Stephen K. Shaw) We are now more than two years down the road from the filing of the complaint and 15 months since plaintiff took depositions of County employees and plaintiff has still failed to serve any individual county employees with the Summons and Complaint.

The Hamilton County employee defendants would be prejudiced by allowing the late amendment of the complaint. Counsel for Hamilton County was provided notice of a limited number of depositions. In order to understand the issues and to prepare for the depositions of various Hamilton County employees, who were subpoenaed by the plaintiff, counsel for Hamilton County attended a small number of depositions in the late summer and fall of 2002. Since that time, Hamilton County has not been provided by plaintiff with notices of depositions or notice of any intention to pursue claims against any Hamilton County employees. (Affidavit of Stephen K. Shaw) Hamilton County was not given notice of the evidentiary depositions of witnesses in Alabama. (Affidavit of Stephen K. Shaw) A number of questions that could and would have been directed to those witnesses by Hamilton County were not asked of them. These

depositions will need to be retaken if any Hamilton County employees are made a party to this litigation. Defendant is also aware of depositions of various City of Cincinnati Police department employees that the County did not participate in. While counsel for the County attended two or three of these depositions for the sole purpose of understanding the issues in the case, Counsel did not have an opportunity to conduct cross-examination of the witnesses since no County entity was a party to the litigation. (Affidavit of Stephen K. Shaw)

The depositions of the Hamilton County employees and the City of Cincinnati Police Department employees placed plaintiff on notice of at least the potential for claims against the Hamilton County employees. These depositions were taken in the summer and early fall of 2002. The role and conduct of the Hamilton County employees was explored in depth by plaintiff's counsel. Review of the Alabama witness transcripts provided little new information about the role or conduct of the Hamilton County employees and certainly provided no surprise testimony. It largely paralleled the testimony of the Hamilton County employees. More importantly, the Alabama witnesses were available to the plaintiff at all times and they had provided documentation to the plaintiff's counsel early in the case. They did not provide any information in their depositions about the role of the Hamilton County defendants that was not available to the plaintiff from the outset of the litigation.

More than a year has passed since plaintiff took the depositions of the Hamilton County Sheriff's department employees. This far exceeds the 120 days plaintiff may have been able to argue should be given to him to amend and serve his complaint on the Hamilton County individual defendants. By the time he completed those depositions and spoke to one county employee witness by telephone, he had the names of the individual employees of Hamilton

County who had any involvement in Mr. Hawkin's detention and extradition. Yet he still failed to seek to amend his complaint to add any individual employees of Hamilton County as a party.

In mid-December 2003 counsel for plaintiff contacted counsel for Hamilton County for the first time in 13 months. (Affidavit of Stephen K. Shaw) At that time, Hamilton County was advised of the February 2004 trial date and the potential for being brought into the lawsuit on the eve of trial. Copies of the Alabama witness transcripts were provided to counsel for Hamilton County, along with citations to various cases. Hamilton County was asked to consider contributing to a settlement of the action. Based upon the evidence in its possession, Hamilton County declined to contribute to a settlement. Analysis of the facts and law suggested that Hamilton County and its employees were not liable to the plaintiff and further that the action could not be commenced against Hamilton County or its unidentified employees at this late date.

Additionally, it was also apparent that the statute of limitations bars any action against Hamilton County and its employees. Plaintiff's complaint refers to conduct that occurred on or about July 31, 2001. More than two years have passed since the conduct complained of. In Ohio, § 1983 actions for false imprisonment and any related claims are governed by the two year statute of limitations under R.C. § 2305.11 or the two year statute of limitations under R.C. §2305.10. Thus, plaintiff's claims against the Hamilton County employees are barred by the statute of limitations and amendment of the complaint would be futile.

It is also likely that the defendants are entitled to qualified immunity. Plaintiff would have to demonstrate evidence of "deliberate indifference" to the allegedly unlawful detention of the plaintiff. The case law cited by plaintiff relies on either direct knowledge that the plaintiff was unlawfully detained or a long period of detention such that the defendants had a substantial

reason to further investigate the identity of the plaintiff, in light of conflicting evidence of the identity of the plaintiff and the plaintiff's continued and repeated claims of mistaken identity. In the instant case, plaintiff admits that he waived extradition after less than 24 hours of incarceration. It is undisputed that his fingerprints matched the prints reported to be the prints of the person wanted by Alabama authorities. Once it was verified that his prints matched the prints reported to be the prints of the wanted person, the Alabama authorities apparently ceased their efforts to confirm his identity. At that point, no one in Hamilton County had reason to know that someone in Alabama had mistakenly input Mr. Hawkin's fingerprint number into the NCIC system as the fingerprints of Mr. Haskins. Thus, the Hamilton County employees enjoy qualified immunity since the most that can be said of their conduct is that they might have done more to confirm the identity of the person wanted by Alabama. However, the record reflects that the Hamilton County employees had no ongoing reason to continue an investigation.

Based upon the foregoing, the Board of County Commissioners of Hamilton County, Ohio, appearing specially and without waiving service of process, respectfully ask this court to dismiss the allegations against John and Jane Doe, Hamilton County employees, individually and officially, and to deny the anticipated motion by plaintiff to amend his complaint to identify any Hamilton County employees as new parties to this litigation at this late date. Any such claims are quite obviously barred by the applicable statute of limitations and plaintiff is not entitled to have the claims relate back to the date of the original filing.

> Respectfully submitted,
> MICHAEL K. ALLEN
> Hamilton County Prosecuting Attorney

   /s/ Stephen K. Shaw
Stephen K. Shaw, 0018652
Assistant Hamilton County Prosecuting Attorney
230 E. Ninth St., Suite 4000
Cincinnati, OH 45202
513/946-3071
513/946-3018 (Fax)
sshaw@ prosecutor.hamilton-co.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served electronically on all counsel of record via the CM/ECF filing system upon the electronic filing of this document on this  12th  day of January, 2004.

   /s/ Stephen K. Shaw
Stephen K. Shaw, 0018652
Assistant Hamilton County Prosecuting Attorney