IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| QUINTIN HAWKINS | : | CASE NO. C-1-01-783 |
| | : | Judge Weber |
| PLAINTIFF | | Magistrate Hogan |
| | : | |
| v. | | PLAINTIFF'S MOTION FOR LEAVE |
| | : | TO AMEND THE COMPLAINT |
| THOMAS STANTON, ET AL. | | |
| | : | |
| DEFENDANTS. | | |

Pursuant to Fed. R.Civ. P. 15(C), Plaintiff requests this Court permit an Amendment of the Complaint to specifically name Defendants previously identified as John Doe Hamilton County Employees. As more clearly stated in the following memorandum, the amendment of the Complaint will not affect, in any material way, the rights or responsibilities of current Defendants or newly-identified Defendants.

Respectfully submitted,

/s/ Fanon A. Rucker
Fanon A. Rucker  (0066880)
Santen & Hughes
312 Walnut Street, Suite 3100
Cincinnati, OH  45202
Phone: (513) 721-4450 / Fax: (513) 721-7644

ATTORNEY FOR PLAINTIFF

## MEMORANDUM

I.   **FACTS**

Plaintiff filed the instant Complaint on November 13, 2001.  (Doc. 1).  The Complaint identified a John Doe Police Supervisor and John Doe Hamilton County Employees, "to be identified later."  Plaintiff took depositions of several County employees: Sean Donovan, the Chief Hamilton County Deputy Sheriff; Richard Ruzsa, Records Supervisor for the Hamilton County Justice Center, and Lynette Hendricks-Darby, Records Specialist for the Hamilton County Sheriff's Department.  Depositions of other Hamilton County employees were scheduled, then postponed or cancelled.  Steve Shaw, Assistant County Prosecutor for Hamilton County, represented the deponents on behalf of the County.  Plaintiff, counsel for the City Defendants and Steve Shaw, jointly scheduled the County depositions and the depositions of the City Defendants.

Steve Shaw, on behalf of Hamilton County, participated in the taking of the City Police Officer Defendants.  Plaintiff took the depositions of the named Defendants, Thomas Stanton, Michael Macchenheimer and Rodney Pompey in 2002.  Steve Shaw, on behalf of the County, attended the depositions.

Through their counsel, Hamilton County was provided copies of the Complaint, all exhibits and the Rule 26 disclosures.  From before the first deposition until December 2002, Hamilton County was, in all respects, a part of the lawsuit, and actively participated in discovery.

Richard Ruzsa provided testimony that, after Quintin Hawkins was returned to Hamilton County, he spoke, by telephone with Rex Reynolds, a Huntsville, Alabama detective.

Ruzsa, in testimony, suggested that the only communication with Reynolds came after Hawkins' illegal detention, not before.

On November 21, 2003, trial depositions of the Huntsville employees were taken. In deposition, Reynolds suggested that he spoke with Ruzsa several times while Hawkins was still in Hamilton County custody to advise of identifying characteristics of the wanted individual. Additionally, Reynolds suggests that he requested that Ruzsa check Hawkins to see if Hawkins had a large scar on his stomach, to which Ruzsa answered he "would check it." Obviously, that action was not taken, as Hawkins had no such scar. Reynolds also testified that he faxed a photograph of the wanted subject to the Justice Center, as Alabama had advised they would do.

From documents identified in the Huntsville depositions, and admitted in prior depositions, Lynette Hendricks-Darby, who is not a lawyer, met with Hawkins and had him sign the waiver of extradition. Hendricks-Darby also testified that there were other instances where incarcerated individuals were not the persons identified in the subject warrants that held them. As the Complaint states, Hawkins was not provided with a lawyer. It was clear, through discovery, that Hawkins was not provided with a lawyer, yet signed a waiver of extradition.

By this Motion, Plaintiff seeks to replace Richard Ruzsa and Lynette Hendricks-Darby with the "John and Jane Does, individually and officially, Hamilton County Employees" identified in the Complaint. No other material change in the Complaint is requested.

## II. <u>ARGUMENT</u>

Under Fed. R.Civ. P. 15(c), an amendment of the pleading relates back when the new defendant's actions arose out of the same conduct as set forth in the original pleading, and the new defendant: 1) rece4ived such notice of the institution of the action that he will not be

prejudiced in maintaining a defense on the merits; and 2) knew or should have known that the action would have been brought against him, except for a mistake concerning his identity.

As pointed out in **Berndt v. State of Tennessee**, 796 F.2d 879, while the new defendant must receive notice of the lawsuit within 120 days after service of the summons and complaint, the notice may be actual or constructive. The Court may consider several factors to consider whether there was constructive notice, 1) whether the new defendant allegedly committed the unconstitutional acts; 2) whether the new defendant worked for the original defendant; 3) whether the new and original defendants are represented by the same counsel; 4) whether the plaintiff is incarcerated; and 5) whether the plaintiff if proceeding pro se. Id. at 882-884.

Defendants certainly had constructive, if not actual, notice of this lawsuit before the time expired. As stated above, Richard Ruzsa, in deposition, gave testimony that was subsequently contradicted by other witnesses. Surely, Ruzsa knew or should have known that once the contradictions were discovered, especially considering the degree of the contradictions, that he would be named as a party, individually or in his official capacity as a County employee.

Considering the burden under Rule 15(C), and the factors to be considered in **Berndt**, amending the Complaint to name the County defendants is proper and would not be unexpected to the Defendants to be named.

### III.    CONCLUSION

Wherefore, Plaintiff respectfully requests this Court allow the amendment of the Complaint as stated above.

Respectfully submitted,

/s/ Fanon A. Rucker
Fanon A. Rucker (0066880)
Santen & Hughes
312 Walnut Street, Suite 3100
Cincinnati, OH 45202
Phone: (513) 721-4450 / Fax: (513) 721-7644

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion For Leave to Amend the Complaint has been served upon the following, by regular mail, on this the 13th day of January, 2004:

| | |
|---|---|
| Michael Harmon | Stephen Lazarus |
| City of Cincinnati | Hardin Lefton Lazarus & Marks |
| 801 Plum Street | 915 Cincinnati Club Bldg |
| Room 214 | 30 Garfield Place |
| Cincinnati OH 45202 | Cincinnati OH 45202 |

Steve Shaw
Hamilton County Prosecutor's Office
230 E. Ninth Street
Suite 4000
Cincinnati Ohio 45202

/s/ Fanon A. Rucker
FANON A. RUCKER

236193.1

- 5 -