IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **QUINTIN HAWKINS** | : | Case No. C-1-01-783 |
| | : | |
| Plaintiff | : | Judge Herman Weber |
| | : | |
| vs. | : | MEMORANDUM OF BOARD OF |
| | : | COUNTY COMMISSIONERS OF |
| **THOMAS STANTON, et al.** | : | HAMILTON COUNTY, OHIO IN |
| | : | OPPOSITION TO PLAINTIFF'S |
| Defendants | : | MOTION TO AMEND COMPLAINT |

The Board of County Commissioners of Hamilton County hereby appear specially, without waiver of service of the summons and complaint, to oppose Plaintiff's motion to amend the complaint to add employees of the Hamilton County Sheriff's Department as parties to this action. For the reasons set forth in this Memorandum and in the Motion to Dismiss Claims Against John and Jane Doe Defendants, which was filed by the Board of County Commissioners, and which arguments are incorporated herein by reference, the Board of County Commissioners respectfully requests this Court to overrule the Plaintiff's Motion to Amend the Complaint.

Plaintiff premises his motion, in part, on the testimony of Rex Reynolds, taken on November 21, 2003. He claims that, "Reynolds suggested that he talked to Ruzsa several times while Hawkins was still in Hamilton County custody to advise of identifying characteristics of the wanted individual." (Plaintiff's Motion, p. 3). He further claims that "Reynolds suggests that he requested that Ruzsa check Hawkins to see if Hawkins had a large scar on his stomach, to which Ruzsa answered he "would check it." To the contrary, the deposition of Reynolds indicates that he does not remember who he told that the suspect may have a scar on his abdomen. He testified:

-1-

> Q. And do you recall that person that you gave that information to in Cincinnati?
> A. I do not. The only name that I noted during my conversations there with those <u>individuals</u> at the jail was a Dick Ruzsa.
> (Reynolds Depo. p. 24.)

This testimony reflects that he spoke to multiple individuals and that he does not recall who he talked to. If he had talked only to Ruzsa, he would have testified quite differently.

More significantly, the information about the potential scar was third hand information. Another employee of the Huntsville police had talked to a relative of Haskins who advised her that he had recently had surgery. (Reynolds Depo. p. 24) This employee told Reynolds about this fact prior to her leaving on vacation. There was no confirmation of the fact. This is Reynolds's recollection more than two years later. Reynolds also recalls sending a faxed photo the next day. However, he also has no documentation of that fax.

Reynolds intended to send an email containing a better copy of the photograph of Haskins, having learned that someone received a message from Hamilton County that the faxed photo was of poor quality. However, when he learned that Hamilton County had confirmed the fingerprints of the suspect, he concluded his involvement in the identification of the suspect without sending the better photograph. (Reynolds Depo. p. 28.)

Plaintiff seeks to add Dick Ruzsa as a defendant even though he has no evidence upon which to base a claim against Ruzsa. More significantly, plaintiff bases his argument for the late addition of Mr. Ruzsa as a defendant on the testimony of Reynolds. Yet Reynolds cannot recall which of two or three conversations he had over the two day period were with Ruzsa. Thus, Reynolds's testimony does not provide plaintiff with any unique testimony upon which to claim surprise in order to justify adding Ruzsa, long after he was required to be named. Plaintiff claims

that Ruzsa's testimony was contradicted by Reynolds, but he fails to identify any specific contradictions. In fact, there are none.

Plaintiff also seeks to add Lynette Hendricks-Darby as a defendant. Her role was known to plaintiff at the time he took her deposition. The Huntsville depositions added nothing to these facts. Yet plaintiff did not notify her of any potential claims and plaintiff waited over a year to name her as a defendant. This last second attempt to name her as an additional party is not justified by any set of facts.

Plaintiff's attempt to identify new parties and to add them to the complaint is not justified. Plaintiff was aware of their role over a year ago. Since that time, substantial discovery has been completed which will have to be re-done to allow the new defendants to exercise their right of cross-examination and to allow the new defendants to depose additional potential witnesses and seek additional documents. Defendants will likely require expert testimony on the standard of care. It is unfair to require the defendants to defend themselves against claims that should have been brought over a year ago. The statute of limitations has passed and plaintiff has failed to justify a basis for extending that statute of limitations in order to name the potential new defendants as parties. This Court should not grant a motion that will result in the futility of adding defendants against whom the statute of limitations has expired.

                                        Respectfully submitted,
                                        MICHAEL K. ALLEN
                                        Hamilton County Prosecuting Attorney

                                        /s/ Stephen K. Shaw

                                        Stephen K. Shaw, 0018652
                                        Assistant Hamilton County Prosecuting Attorney

>230 E. Ninth St., Suite 4000
>Cincinnati, OH 45202
>513/946-3071
>513/946-3018 (Fax)
>sshaw@ prosecutor.hamilton-co.org

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served electronically on all counsel of record via the CM/ECF filing system upon the electronic filing of this document on this  22nd  day of January, 2004.

> /s/ Stephen K. Shaw
> Stephen K. Shaw, 0018652
> Assistant Hamilton County Prosecuting Attorney