IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| QUINTIN HAWKINS | : | Case No. C-1-01-783 |
| | : | |
| Plaintiff | : | Judge Herman Weber |
| | : | |
| vs. | : | Magistrate Judge Hogan |
| | : | |
| THOMAS STANTON, et al. | : | SUPPLEMENTAL MEMORANDUM OF |
| | : | BOARD OF COUNTY |
| Defendants | : | COMMISSIONERS OF HAMILTON |
| | : | COUNTY, OHIO IN SUPPORT OF |
| | : | MOTION TO DISMISS |

At the Case Scheduling conference on March 11, 2004, the Court granted this defendant leave to file a supplemental memorandum to cite additional authority which the undersigned represents is dispositive of the issues before the court.

*Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir 1996), *cert. denied*, 519 U.S. 821, 117 S. Ct. 78, 136 L.Ed. 2d 37 (1996) and *Force v. City of Memphis*, 1996 U.S. App. Lexis 30233, Case No. 95-6333 (6th Cir. November 14, 1966)(Attached) provide analysis of the issue of the relation back of claims against new parties sought to be added to the litigation.

These cases and the cases cited therein stand for the proposition that where a party seeks to substitute a new party in place of John Doe defendants, the substitution is treated as adding new parties to the litigation and the claims against the new parties will not relate back to the date of the filing of the original complaint. *Cox v. Treadway*, 75 F.3d at 240. This was established as well in *In re Kent Holland Die Casting & Plating*, Inc., 928 F.2d 1448, 1449-1450 (6th Cir. 1991), wherein the Court stated:

The Trustee argues here, as in the bankruptcy court, that his amended complaint

adding Aetna should be allowed because it relates back to the original complaint. However, the precedent of this circuit clearly holds that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973). This holding was reaffirmed [*1450] in *Smart v. Ellis Trucking Co.*, 580 F.2d 215, 218 (6th Cir. 1978), *cert. denied*, 440 U.S. 958, 99 S. Ct. 1497, 59 L. Ed. 2d 770 (1979).

*Cox* also establishes that the "imputed knowledge" doctrine in *Berndt v. Tennessee*, 796 F.2d 879 (6th Cir. 1986) does not apply when the employer of the newly named defendants was not a party to the suit. Thus, where Hamilton County was not a party to the suit, it cannot be argued that the employees of Hamilton County had constructive notice of the potential claims against them.

Since the plaintiff seeks to add two employees of the Hamilton County Sheriff's department after the statute of limitations has run and more than two years after the complaint was originally filed, the addition of these new parties will not relate back to the date of the filing of the complaint and the claims are barred by the two year statute of limitations.

                                                         Respectfully submitted,

                                                         MICHAEL K. ALLEN
                                                         Hamilton County Prosecuting Attorney

                                                         /s/ Stephen K. Shaw
                                                         Stephen K. Shaw, 0018652
                                                         Assistant Hamilton County Prosecuting Attorney
                                                         230 E. Ninth St., Suite 4000
                                                         Cincinnati, OH 45202
                                                         513/946-3071
                                                         513/946-3018 (Fax)
                                                         sshaw@ prosecutor.hamilton-co.org

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was served electronically on all counsel of record via the CM/ECF filing system upon the electronic filing of this document on this   11th   day of March, 2004.

                                 /s/ Stephen K. Shaw  
                                Stephen K. Shaw, 0018652  
                                Assistant Hamilton County Prosecuting Attorney