2 of 5 DOCUMENTS

**RONALD L. FORCE, Plaintiff-Appellant, v. CITY OF MEMPHIS, JAMES IVY, JOSEPH LAURENZI, Defendants, ROWENA ADAMS, CARLOS R. DAVIS, PAUL H. ELROD, GENE EDWARD HULLEY, LUTHER McCASKILL, STEVEN PAUL OPLER, JAMES K. SMITH, WILLIAM D. TAYLOR, JOHN VANZANDT, RONALD WILLIS, TROY TODD, Defendants-Appellees.**

No. 95-6333

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

*1996 U.S. App. LEXIS 30233*

**November 14, 1996, FILED**

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 24 LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 24 BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:**

Reported in Table Case Format at: *101 F.3d 702, 1996 U.S. App. LEXIS 39320.*

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE. 94-02136. Gibbons. 8-28-95; 9-1-95.

**DISPOSITION:** AFFIRMED.

**LexisNexis (TM) HEADNOTES - Core Concepts:**

**COUNSEL:** For RONALD L. FORCE, Plaintiff - Appellant: Tim Edwards, Glassman, Jeter, Edwards & Wade, Memphis, TN. Ronald L. Force, Plaintiff - Appellant, Pro se, Memphis, TN.

For CITY OF MEMPHIS, Defendant: Debra L. Fessenden, Law Offices of Thomas E. Hansom, Memphis, TN.

For JAMES IVY, Defendant: Debra L. Fessenden, (See above).

For ROWENA ADAMS, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, Law Offices of Thomas E. Hansom, Memphis, TN.

For CARLOS R. DAVIS, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For PAUL HENRY ELROD, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For GENE EDWARD [*2] HULLEY, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For JOSEPH LAURENZI, Defendant: Debra L. Fessenden, (See above).

For LUTHER MCCASKILL, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For STEVEN PAUL OPLER, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For JAMES K. SMITH, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For WILLIAM D. TAYLOR, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For JOHN S. VANZANDT, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For RONALD D. WILLIS, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

For TROY TODD, Defendant - Appellee: Debra L. Fessenden, (See above). Thomas Edwards Hansom, (See above).

**JUDGES:** BEFORE: LIVELY and NELSON, Circuit Judges, and HACKETT *, District Judge.

> * The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation. [*3]

**OPINIONBY:** LIVELY

**OPINION:**

LIVELY, Circuit Judge. The question in this case is whether an amended complaint naming previously unnamed individuals as defendants, which was filed after the expiration of the applicable statute of limitations, relates back to the date of the original, timely-filed complaint. The district court held that the amendment did not relate back, and we agree.

**I.**

In the early evening of February 25, 1993, approximately nine Memphis police officers arrived at the plaintiff's home and announced that they had a warrant for his arrest. The police--who apparently had no warrant--handcuffed the plaintiff, put him in a squad car, and allegedly abused him for about 15 minutes. The police soon learned that they had arrested the wrong person and released the plaintiff. An internal police department memorandum dated February 25, 1993, summarized this incident.

The plaintiff filed this *42 U.S.C. § 1983* action in district court on February 24, 1994, one day before the expiration of the limitations period, against the City of Memphis and "Several Unknown City of Memphis Police Officers." The complaint alleged that the defendants violated the plaintiff's rights under the Fourth, [*4] Fifth, Eighth, and Fourteenth Amendments and, in addition, asserted pendent state law claims for assault and battery, false arrest, and negligence. The plaintiff maintains that it was impossible for him to ascertain and enumerate in his original complaint the names of the police officers who were involved in the incident because the February 25 departmental memorandum, which implicated specific officers, was not a public record. The plaintiff ultimately discovered the names of the unknown officers from the Memphis City Attorney on June 1, 1994, and filed an amended complaint on August 3, 1994, in which he named those officers and sued them individually and in their official capacities.

The only claim against the city in the amended complaint was based on the doctrine of *respondeat superior*, and the district court dismissed this claim. See *Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 691, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978)*. The individual police officers also moved for dismissal or summary judgment, arguing that the plaintiff's amended complaint was time-barred. In response, the plaintiff asserted that the amended complaint related back to the original complaint under *FED.* [*5] *R. CIV. P. 15(c)(3)* because the original complaint described the officers and their conduct in sufficient detail to attribute constructive notice of the lawsuit to them. The district court disagreed, granted summary judgment for the defendant police officers, and entered a judgment dismissing the case in its entirety. The plaintiff filed a timely appeal. We have jurisdiction under *28 U.S.C. § 1291* and review the district court's actions *de novo*. *Talley v. Bravo Pitino Restaurant, Ltd., 61 F.3d 1241, 1245 (6th Cir. 1995)*.

**II.**

**A.**

This case arose from the wrongful arrest of Mr. Force, which occurred on February 25, 1993, and the plaintiff's claims under § 1983, as well as his pendent state tort claims, are subject to a one-year statute of limitations. *Wilson v. Garcia, 471 U.S. 261, 85 L. Ed. 2d 254, 105 S. Ct. 1938 (1985); Tenn. Code Ann. § 28-3-104(a)(1), (3)* (Supp. 1996). The plaintiff concedes that his amended complaint was filed outside the applicable limitations period. Thus, unless the amended complaint relates back to the original, timely-filed complaint, the plaintiff's action is time-barred.

The relation back issue is controlled by *FED. R. CIV. P. 15(c)*, which in pertinent part provides: [*6]

> (c) **Relation Back of Amendments.**
> An amendment of a pleading relates back to the date of the original pleading when
>
> > (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> >
> > (2) the claim or defense asserted in the amended

pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The claims asserted in Mr. Force's original and amended complaints arose from the same incident and are nearly identical in substance. The relation back issue must therefore turn on whether the police officers [*7] named in the amended complaint had sufficient notice of the lawsuit and whether they knew or should have known that, but for a mistake of identity, they would have been named in the original complaint.

**B.**

This court has held that the notice required by Rule 15(c)(3)(A) can be either actual or constructive. *Berndt v. Tennessee*, 796 F.2d 879 (6th Cir. 1986). In the present case, each police officer submitted to the district court an affidavit stating that he had no actual notice of the lawsuit during the relevant period of time. Apparently conceding as much, the plaintiff argues on appeal that the officers nonetheless had constructive notice, within the Rule 4(m) n1 period referred to in Rule 15(c)(3), of the lawsuit filed against the City of Memphis and "Several Unknown City of Memphis Police Officers."

n1 Rule 4(m) provides:

(m) **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

[*8]

In *Berndt*, this court discussed a "non-exhaustive" list of factors to be considered by a court that is attempting to determine whether a newly-named defendant had constructive notice of a lawsuit. These factors include the relationship of the new defendants to the defendant(s) originally named, whether the same attorney represented both original and new defendants, and whether the new defendants are officials of the original defendant. *Id. at 884*. Significantly, the *Berndt* court stated that "whether the new defendants knew or should have known that the suit should have been brought against them . . . is a patently factual inquiry and left to the district court." *Id.*

**C.**

In a written opinion, the district court carefully reviewed the requirements of Rule 15(c) and discussed decisions from this court and others dealing with the relation back issue. Referring specifically to *Berndt*, the district court found that the relationship between the originally-named city and the newly-named police officers in this case was insufficient to imply receipt of the notice required by Rule 15(c). The court noted that the newly-named defendants were not "high officials" of [*9] the city or of the police department and would not have been involved in the city's legal affairs so as to have notice of the institution of the action. Further, the city declined to represent the newly-named defendants; thus, the attorney who represented the original defendant was not involved in representing the later-named police officers.

The district court then discussed other factors that led to its ultimate finding that the notice requirement was not met. The court pointed out that the plaintiff made no

request for discovery until May 25, 1994, three months after the statute of limitations had expired, and offered no evidence that he could not have obtained the names of the officers involved in the incident if he had requested them earlier. The city responded within one week, giving the plaintiff the names of the officers he eventually named as new defendants. Finally, because the plaintiff received the names of the officers on June 1, 1994, three weeks before the time for service of process on the original complaint expired under Rule 4(m), he could have amended the complaint and served process on the new defendants within that time. Instead, the plaintiff waited until August [*10] 3, 1994, to file his amended complaint.

### III.

#### A.

As he did in the district court, the plaintiff relies principally on our decisions in *Berndt* and in *Odum v. Knox County, Tennessee*, 902 F.2d 34 (1990) (Table). The plaintiffs in both cases were incarcerated and they filed the untimely § 1983 actions *pro se*, important facts that distinguish those cases from the present one. Furthermore, the unpublished decision in *Odum* is contained in a summary order issued under Rule 9 of the Rules of the Sixth Circuit and has no binding effect on this panel.

The plaintiff contends that a finding of constructive notice is required in the present case because he meets six of the eight factors mentioned in *Berndt*. Of that laundry-list of considerations, the only two not found in this lawsuit, alleges the plaintiff, are the presence of a *pro se* plaintiff and representation of all defendants by a common attorney. The plaintiff argues that, aside from these two factors, *Berndt* and the instant case are legally indistinguishable. The defendant, on the other hand, believes that the absence of these two factors is determinative. The plaintiff misinterprets Berndt's reference [*11] to the non-exhaustive list of factors. Finding that a particular number of these factors is present does not automatically require a finding of constructive notice. The district court must make this determination on the basis of all the circumstances revealed by the entire record.

The district court's "patently factual" determination that the newly-named defendants neither knew nor should have known that the action should have been brought against them and thus did not have constructive notice that the original complaint sought to hold them liable for the plaintiff's injuries is not clearly erroneous.

#### B.

Aside from the problem of insufficient notice under Rule 15(c)(3)(A), there exists an independent ground for affirming summary judgment for the defendants, one not discussed by the parties in their briefs or in oral argument. Under Rule 15(c)(3)(B), an amended complaint that adds a new defendant relates back to the original complaint only if the newly-named defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." We have recently held that this requirement is not satisfied [*12] where the caption of an original complaint refers to "unknown police officers" and, after the expiration of the applicable limitations period, an amended complaint specifically names those officers. See *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir.), *cert. denied*, 1996 U.S. LEXIS 4815, 117 S. Ct. 78 (1996). This interpretation of Rule 15(c) is consistent with the statement in *Schiavone v. Fortune*, 477 U.S. 21, 29, 91 L. Ed. 2d 18, 106 S. Ct. 2379 (1986), "relation back is dependent upon four factors, all of which must be satisfied." The third of these factors is that the newly-named "party must or should have known that, *but for a mistake concerning identity*, the action would have been brought against it. . . ." *Id.* (emphasis added). See also *Doe v. Sullivan County, Tennessee*, 956 F.2d 545, 552 (6th Cir.), *cert. denied*, 506 U.S. 864, 121 L. Ed. 2d 131, 113 S. Ct. 187 (1992) (the issue is whether parties added by an amendment must or should have known that, but for a mistake concerning identity, the action would have been brought against them within the period of limitations).

Other courts of appeals also limit relation back where a new party is added by an amended pleading to instances of mistake or misnomer. See, e.g., *Wilson v. United States* [*13] *Government*, 23 F.3d 559, 563 (1st Cir. 1994); *Barrow v. Wethersfield Police Dept.*, 66 F.3d 466, 468 (2nd Cir. 1995), *modified*, 74 F.3d 1366 (1996); *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993). Although *Cox* represents the first Sixth Circuit application of this rule in a case where named parties have been substituted for parties originally described as "unknown," we have long held that "*FRCP 15(c) allows the correction of misnomers, but not the addition or substitution of new parties after the statute of limitations has expired.*" *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir. 1991). See also *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 405 (6th Cir. 1982); *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973). The *Cox* court simply clarified that "substituting a named defendant for a 'John Doe' defendant is considered a change in parties, not a mere substitution of parties." 75 F.3d at 240. In doing so, we concurred in the reasoning of several other courts of

appeals that the mistake provision of Rule 15(c)(3)(B) [*14] requires, as its language suggests, a mistake or misnomer in the name of the original defendant, and that a plaintiff's lack of knowledge of the names of the "unknown officers" is not such a mistake or misnomer. See *Worthington, 8 F.3d at 1256-57; Barrow v. Wethersfield Police Dept., 74 F.3d 1366, 1367 (2nd Cir. 1996), modifying, 66 F.3d 466 (1995).*

The judgment of the district court is **AFFIRMED**.