# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

QUINTIN HAWKINS,
      Plaintiff


    vs                            Case No. C-1-01-783
                                      (Hogan, M.J.)

THOMAS STANTON, et. al.,
      Defendants

---

## ORDER

---

    This matter is before the Court on the Motion of the Board of County Commissioners of Hamilton County, Ohio to Dismiss Claims Against John and Jane Does, Individually and Officially, Hamilton County Employees (Doc. 33), Plaintiff's Motion for Leave to Amend the Complaint (Doc. 35), Plaintiff's Reply to Defendant John Doe's Motion to Dismiss (Doc. 38), the Memorandum of Board of County Commissioners of Hamilton County, Ohio in Opposition to Plaintiff's Motion to Amend Complaint (Doc. 39), and the Supplemental Memorandum of Board of County Commissioners of Hamilton County, Ohio in Support of Motion to Dismiss (Doc. 41). On April 14, 2004, oral arguments were heard with respect to these motions.

## BACKGROUND

    Plaintiff brings this action under 42 U.S.C. §1983 alleging, *inter alia*, violations of his constitutional rights. On July 31, 2001, Plaintiff was taken into custody by Cincinnati Police Officers Thomas Stanton and Michael Machenheimer on suspicion of auto robbery. During Plaintiff's detention, Defendants Stanton and Machenheimer queried his name on the police database in search of any outstanding warrants. Defendants received information on an individual wanted for murder in Alabama by the name of Quentin Oneill Haskins. This individual was described as an African-American male, six feet two inches tall, one hundred eighty pounds, with a birth date of August 18, 1980. Plaintiff is an African-American male, five feet eight inches tall,

one hundred sixty pounds, with a birth date of August 18, 1977.  The database also indicated that  Quentin Oneill Haskins had previously used an alias of Quanza Hawkins.  Based on this information, Defendants transported Plaintiff to the Hamilton County Justice Center to be held on the warrant for Quentin Oneill Haskins. Detectives in Huntsville Alabama were contacted and told that Quentin Oneill Haskins was in custody.  Plaintiff alleges that the Huntsville detectives made several attempts to verify that Plaintiff was Quentin Oneill Haskins.   Plaintiff asserts that the Huntsville detectives faxed information on Quentin Oneill Haskins to Defendant Stanton and the Jane and John Doe Hamilton County employees, including information on Haskins' tattoo and a photograph of Haskins.  This information allegedly did not match Plaintiff's description.  However, Plaintiff's fingerprints were taken and sent to the FBI to confirm that he was Quentin Oneill Haskins.  The FBI confirmed that Plaintiff was Quentin Oneill Haskins.  Plaintiff was booked for murder. Plaintiff was presented with a Waiver of Extradition form which he signed without the benefit of counsel.  On August 12, 2001, Plaintiff was extradited to Alabama.  He arrived in Alabama on August 14, 2001 and was released from custody on August 15, 2001, upon the realization that he was not Quentin Oneill Haskins.

Plaintiff filed the instant Complaint on November 13, 2001 (Doc. 1).  Plaintiff's Complaint identified a John Doe Police Supervisor and John Doe Hamilton County Employees, to be identified at a later date.  In the Fall of 2002, Plaintiff took the depositions of several County employees: Sean Donovan, the Chief Hamilton County Deputy Sheriff; Richard Ruzsa, Records Supervisor for the Hamilton County Justice Center, and Lynette Hendricks-Darby, Records Specialist for the Hamilton County Sheriff's Department.   Depositions of other Hamilton County employees were scheduled and then postponed or cancelled.  Counsel from the Hamilton County Prosecutor's Office represented the County employees at their depositions.  The assistant prosecutor also appeared at the depositions of other non-county employees, but it is disputed whether he participated in those depositions.[1]  While Plaintiff argues that the County "actively participated in discovery," the County contends that, since the late summer and fall of 2002, Hamilton County was not provided with any notices of depositions or notice of any intention to pursue claims against any Hamilton County employee.  The County contends that counsel only attended a limited number of depositions in order to understand the issues and prepare for the depositions of

---

[1]  Neither party has submitted any transcripts indicating whether the assistant prosecutor actively participated in these depositions.  (Doc. 37, Affidavit of Stephen Shaw, ¶ 3, 5).

various Hamilton County employees. (*See* Doc. 37, Affidavit of Stephen Shaw, ¶¶ 4, 5, 6, 7).

On November 21, 2003, trial depositions of the Huntsville employees were taken. Plaintiff asserts that in his deposition testimony, Rex Reynolds, a Huntsville, Alabama detective, suggested that he spoke with Ruzsa several times while Plaintiff was in the custody of Hamilton County to advise him of identifying characteristics of the wanted individual. Plaintiff claims that this testimony contradicts Ruzsa's prior deposition testimony. According to Plaintiff, Reynolds also suggested that he requested that Ruzsa check to see if Plaintiff had a large scar on his abdomen, to which Ruzsa answered that he "would check it." Reynolds also testified that he faxed a photograph of the wanted individual to the Hamilton County Justice Center.

Thereafter, in December of 2003, Plaintiff's counsel contacted Hamilton County advising of the February 2004 trial date and the potential for being brought into the lawsuit. (Id. at ¶ 4, 6). Although asked by Plaintiff to contribute to the settlement, the County declined to do so.

## OPINION

This case arose from the alleged illegal detention of Plaintiff which occurred on July 31, 2001. Under Ohio law, §1983 actions arising in Ohio must be filed within two years from the date of their accrual. *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(en banc). Plaintiff filed his Complaint on November 13, 2001, approximately four months following the incident. In his Complaint, Plaintiff names "JOHN AND JANE DOES, individually and officially, Hamilton County Employees" whose true names were not known to Plaintiff at the time. On January 12, 2004, the Board of Commissioners of Hamilton County, Ohio, "appearing specially and without waiver of service of summons and complaint," sought a dismissal of the Jane and John Doe county employees. (Doc. 33).[2] One day later, Plaintiff filed a Motion for Leave to Amend the Complaint seeking to replace the "Jane and John Does, individually and officially, Hamilton County Employees," with Richard Ruzsa and Lynette Hendricks-Darby. (Doc. 35).

---

[2] While Hamilton County filed a Motion to Dismiss, the County is not a party to this action. Thus, the County's motion shall be considered as a supplemental memorandum in conjunction with their Memorandum in Opposition to Plaintiff's Motion for leave to Amend.

The granting or denial of a motion to amend pursuant to Fed. R. Civ. P. 15(a) is within the discretion of the trial court. Leave to amend a complaint should be liberally granted. The Court may deny the motion to amend where the complaint, as amended, could not withstand a motion to dismiss. *Matthews v. Jones,* 35 F.3d 1046, 1050 (6th Cir. 1994); *Thiokol Corp. v. Dept. of Treasury*, 987 F.2d 376, 383 (6th Cir. 1993); *Neighborhood Development Corp. v. Advisory Council on Historic Preservation, Department of Housing and Urban Development, City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980). The Court should also consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, the repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994). Leave to amend the complaint to add a new party should be denied where substantial prejudice would result to the opposing parties. *See Foman v. Davis*, 371 U.S. 178, 182 (1969); *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951-52 (6th Cir. 1987).

Although under Fed. R. Civ. P. 4(m)[3], the Court could, for good cause shown, permit Plaintiff to amend his complaint to name and effect service upon these officers, any amended complaint filed would be filed outside of the applicable limitations period. Therefore, unless the amended complaint relates back to the original, timely filed, complaint, Plaintiff's action against the county defendants is time-barred.

The relation back issue is governed by Fed. R. Civ. P. 15(c), which provides in pertinent part:

(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of

---

[3] Rule 4(m) provides, in pertinent part, as follows:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

-4-

the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Because the substituting of named defendants for "John Doe" defendants is considered a change in parties, not a mere substitution of parties, the requirements of Fed. R. Civ. P. 15(c), must be met in order for the amendment adding the named defendant to relate back to the filing of the original complaint. *See Cox v. Treadway,* 75 F.3d 230 (6th Cir. 1995). Under Rule 15(c)(3)(B), an amended complaint which adds a new defendant relates back to the original complaint only if the newly-named defendants "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [him]." Plaintiff's lack of knowledge of the names of the unknown officers is not such a mistake. *See Force v. City of Memphis*, NO. 95-6333, 1996 WL 665609 (6th Cir. 1996)(citing *Worthington v. Wilson,* 8 F.3d 1253, 1256-57 (7th Cir. 1993)).

Plaintiff argues that, while the new defendant must receive notice of the lawsuit within 120 days after service of the summons and complaint, the notice can be actual or constructive. *See Berndt v. State of Tennessee*, 796 F.2d 879 (6th Cir. 1986). Plaintiff contends that Defendant Ruzsa's contradicted deposition testimony served as constructive notice to him that, "once the contradictions were discovered," he would be named as a party. Plaintiff further argues that information obtained during the November 2003 trial deposition of Huntsville, Alabama employees supports the addition of Richard Ruzsa as a defendant in this action. However, this deposition testimony was not provided to the Court other than that testimony which was quoted by Hamilton County in their response to Plaintiff's Motion to Amend. The testimony provided indicates that Reynolds' stated that he does not remember whom he informed that the suspect may have a scar on his abdomen and in fact testified that:

Q:     And do you recall that person that you gave that information to in

Cincinnati?

A:     I do not.  The only name that I noted during my conversations there with those individuals at the jail was a Dick Ruzsa.

(Reynolds Depo. At p. 24).  Reynolds' testimony indicates that he spoke to multiple individuals on multiple occasions and that he does not remember which information was relayed to which individual.  Thus, Reynolds' testimony does not directly contradict Ruzsa's testimony, nor does it clearly indicate grounds upon which to base a claim against him.  Likewise, Plaintiff offers no basis for the late addition of Lynette Hendricks-Darby other than to state that documents identified in the Huntsville deposition and *admitted in prior depositions*, indicate that Hendricks-Darby, who is not a lawyer, met with Plaintiff and "had him sign the waiver of extradition."  Through his own admission, this information was made known to Plaintiff through prior depositions.  We presume that this information was known, or should have been known, to Plaintiff  through due diligence at the time of Ms. Hendricks-Darby's deposition in September of 2002 yet Plaintiff only now seeks to add her as a defendant.

Additionally, we find that Plaintiff's reliance upon *Berndt* is misplaced.  The Court in *Berndt* held that a court may consider several factors when determining whether there was constructive notice: 1) whether the new defendant allegedly committed the unconstitutional acts; 2) whether the new defendant worked for the original defendant; 3) whether the new and original defendants are represented by the same counsel; 4) whether the plaintiff is incarcerated; and 5) whether plaintiff is proceeding pro se.  796 F.2d at 882-84.  As discussed above, whether Defendants Ruzsa and Hendricks-Darby committed the unconstitutional acts is questionable.  Certainly, Reynolds' deposition testimony does not conclusively indicate such, as Plaintiff argues.  As the County was never named as an original party in this matter, the second and third factors have not been met.  Finally, Plaintiff is not incarcerated nor is he proceeding pro se.  Thus, *Berndt* does not appear to support Plaintiff's arguments in this matter.  Moreover, while *Berndt* allows for imputed knowledge when the employer of the newly named defendant was an original party to the suit, such is not the case in the present matter.  The County was never named as a party to this suit and thus, knowledge cannot be imputed to Defendants Ruzsa and Hendricks-Darby.  *See Cox* 75 F.3d at 240.  Plaintiff, who was, at all relevant times, represented

by counsel in this matter,[4] had ample opportunity to identify those who were involved on behalf of the Sheriff's Department. As the County correctly points out, Plaintiff could have named, and served the Summons and Complaint upon, the Sheriff in his official capacity[5], thereby bringing the County into the litigation as a defendant and allowing for discovery from the Sheriff as to the identities of those who may have violated Plaintiff's rights.

For this reason, we find that Plaintiff has failed to establish good cause under Rule 4(m) which would permit an extension of time for service upon Defendants. Moreover, we find that Defendants Ruzsa and Hendricks-Darby did not have either actual or constructive knowledge such that the Amended Complaint would relate back to the filing of the original Complaint. Thus, Plaintiff's §1983 action against these individuals is time-barred. Accordingly, **IT IS ORDERED THAT** Plaintiff's Motion For Leave to Amend (Doc. 35) be **DENIED**. As the Motion of the Board of County Commissioners of Hamilton County, Ohio to Dismiss Claims Against John and Jane Does, Individually and Officially, Hamilton County Employees (Doc. 33) was considered by the Court as part of the County's Memorandum opposing Plaintiff's Motion for Leave to Amend, the County's motion (Doc. 33) is **DENIED AS MOOT**.

SO ORDERED.

Date:    4/27/04            *s/Timothy S. Hogan*
                           Timothy S. Hogan
                           United States Magistrate Judge

---

[4] While Rule 15(a) is designed specifically to avoid the injustices that may occur when the unsophisticated knock on the courthouse door, it is presumed that this Plaintiff, through the benefit of counsel, is cognizant of the Civil Rules of Procedure, more specifically the rules discussed herein.

[5] However, because Plaintiff's Complaint fails to allege a policy or custom argument, and seeks only monetary relief against Defendants, the addition of any County employees in their official capacities would be futile in light of the immunity afforded the County under the Eleventh Amendment. *See Monnell v. Dep't of Social Servs. of New York,* 436 U.S. 658, 691-92 (1978); *Johnson v. Hardin County, Ky.,* 908 F.2d 1280, 1285 (6th Cir. 1990).