UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **QUINTIN HAWKINS** | : | CASE NO.  C-1-01-783 |
| Plaintiff, | : | JUDGE HOGAN |
| vs. | : | |
| | | **DEFENDANTS' PROPOSED** |
| **CITY OF CINCINNATI, et al.** | : | **SUPPLEMENT TO FINAL** |
| | | **PRETRIAL ORDER** |
| Defendants. | : | |

Plaintiff submitted a Proposed Final Pretrial Order on January 5, 2004 prior to the prior Pretrial Conference.  Counsel for Defendants was substituted as counsel on August 3, 2004 and after reviewing the previous Proposed Final Pretrial Order submits this Supplement in order to assist in narrowing the issues for the Final Pretrial Conference.

I.     **NATURE OF THE ACTION AND FACTS**

Plaintiff brought this action under 42 U.S.C. § 1983 alleging, *inter alia*, violations of his constitutional rights.  Specifically Plaintiff alleges claims for Detention without Probable Cause/Reasonable Suspicion, Arrest Without Probable Cause, Negligence – Private Duty, Malicious Prosecution, False Imprisonment, Intentional Infliction of Emotional Distress, Conspiracy under 42 U.S.C. § 1983, Violation of 42 U.S.C. § 1983, Violation of 42 U.S.C. § 1988 and Punitive Damages.  (Complaint Counts I – X).

The incident giving rise to this matter began on July 31, 2001 when Plaintiff was taken into custody by P.O.s Stanton and Machenheimer who responded to the Madisonville section of Cincinnati in response to an alleged automobile robbery.  The automobile robbery report ended up being false.  However, prior to discovering that, the officers queried Plaintiff's name on their computer and found an outstanding warrant

with a similar name. The warrant was for a person wanted for murder in Alabama by the name of Quentin Oneill Haskins. Quentin Oneill Haskins had previously used an alias of Quanza Hawkins. Mr. Haskins birth date was August 18, 1980 and Plaintiff's birth date was August 18, 1977. Mr. Haskins was described as an African-American Male, six feet two inches tall, one hundred eighty pounds. Plaintiff is an African-American male, five feet eight inches tall, one hundred sixty pounds.

Based on the above information the officers called in their supervisor, Sergeant Graczyk who advised them to take Plaintiff to the Justice Center to take his fingerprints and confirm whether he was the correct person. There were attempts to communicate with detectives in Huntsville, Alabama to confirm the identity, but the process took significantly longer than normal. Plaintiff's fingerprints were also taken and sent to the FBI. P.O.s Stanton and Machenheimer eventually had to leave due to the end of their shift. P.O. Pompey arrived to relieve the other officers. The FBI sent a confirmation of the fingerprints. P.O. Pompey was informed by a Justice Center employee that the identity was confirmed and he could go. Plaintiff was booked for murder. Plaintiff was presented with a Waiver of Extradition form, which he signed. On August 12, 2001, Plaintiff was extradited to Alabama. He arrived in Alabama on August 14, 2001 and was released from custody on August 15, 2001, upon the realization that he was not Quentin Oneill Haskins.

## II.    DEFENDANTS CLAIMS

Defendants deny liability based on the doctrine of qualified immunity and statutory immunity under R.C. 2744 et seq. Defendants assert that based on the Supreme Courts decisions in *Baker v. McCollan*, 443 U.S. 137 (1979) and *Hill v. California*, 401

U.S. 797 (1971), that the Fourth Amendment is not violated by a mistaken arrest as long as the arresting officers acted reasonably under the circumstances.  Additionally, in civil suits for money damages, government officials are entitled to qualified immunity for discretionary acts that do "not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Finally, qualified immunity protects "all but the plainly incompetent and those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

As to statutory immunity, the employees of a political subdivision are immune from liability pursuant to R.C. 2744.03(A)(6), unless one of three exceptions applies: (a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

 (b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

 (c) Liability is expressly imposed upon the employee by a section of the Revised Code. Police officers, as employees of political subdivisions are generally protected by this immunity.  *Mayes v. City of Columbus*, 105 Ohio App.3d 728 (1995).

Defendants contend that based on the facts alleged in this matter that the apprehension and detention of Plaintiff based on the valid murder warrant was reasonable.

## III.    SETTLEMENT EFFORTS

Settlement negotiations are still ongoing at this time.  Defendants made a $7,500 offer to Plaintiff to settle this matter on December 9, 2004.

Respectfully Submitted,

J. RITA MCNEIL (0043535)
City Solicitor

S/*William C. Hicks*
William C. Hicks (0068565)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3613
FAX: (513) 352-1515
E-mail: will.hicks@cincinnati-oh.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2004, I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF system that will send notification of such filing to all parties of record. The motion was also served on all parties by ordinary mail.

s/William C. Hicks
**William C. Hicks (0068565)**
Assistant City Solicitor