# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

QUINTIN HAWKINS     :    **CASE NO. C-1-01-783**

    **Plaintiff,**     :    **JUDGE HOGAN**

   **vs.**        :

**THOMAS STANTON, et al.**    :

    **Defendants.**     :

---

## Defendants' Proposed Special Jury Instructions

---

Respectfully Submitted,

J. RITA MCNEIL (0043535)
City Solicitor


S/*William C. Hicks*
William C. Hicks (0068565)
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
(513) 352-3613
(513) 352-1515 (FAX)



S/*Kimberly A. Rutowski*
Kimberly A. Rutowski (0076653)
HARDIN, LEFTON, LAZARUS & MARKS
30 Garfield Place, Suite 915
Cincinnati, OH 45202
(513) 721-7300
(513) 721-7008 (FAX)
Trial Attorney for Defendant Officers, Stanton,
Machenheimer and Pompey.

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**SECTION 1983 CLAIM - PROXIMATE CAUSE - DEFINED**

The Plaintiff must prove not only that Quintin Hawkin's Fourth and Fourteenth Amendment rights were violated when he was detained and arrested, but also that the violation of his Fourth and Fourteenth Amendment rights by the defendants was a proximate cause of his alleged injuries.

Proximate cause is an act or failure to act which in a natural and continuous sequence directly produces the harm and without which it could not have occurred. Cause occurs when the harm is the natural and foreseeable result of the act or failure to act.

The test for foreseeability is not whether a party should have foreseen the harm as it happened to a specific person. The test is whether under all the circumstances a reasonably prudent person would have anticipated that harm was likely to result to someone from the act.

Fed. Jury Prac. & Inst., 5th Ed. §165.23

*Vaughn v. City of Lebanon,* 18 Fed. Appx. 252 (6th Cir. 2001)

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**<u>REASONABLE SUSPICION –INVESTIGATORY STOP</u>**


Police officers have the authority to make a brief stop of an individual when the officer has a reasonable, articulable suspicion that the individual was involved in criminal wrongdoing. The police officer must be able to articulate more than an inchoate and unparticularized suspicion or hunch.   Whether reasonable suspicion exists is determined by the totality of the circumstances and is a less demanding standard than probable cause.


*Terry v. Ohio,* 392 U.S. 1 (1968)

*Alabama v. White,* 496 U.S. 325 (1990)

*U.S. v. Arvizu,* 534 U.S. 266 (2002).

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>PROBABLE CAUSE FOR DETENTION</u>

The burden is upon the defendant to show by the greater weight of the evidence that there was probable cause to believe that the circumstances were sufficient to justify a reasonable person to believe that the plaintiff was the subject of a valid murder warrant.

Probable cause to believe is a reasonable ground of belief, supported by trustworthy information and circumstances, known to the defendant at the time of detention, and sufficiently strong to cause a reasonably careful person, under similar circumstances, to believe that the plaintiff was the subject of a valid murder warrant.

A person has the probable cause to believe and act if a reasonable man would have believed and acted in the same or similar way.

If you find that the defendants had probable cause to believe that the plaintiff was the subject of a valid murder warrant, the detention was lawful, and plaintiff cannot recover even though it is later discovered that plaintiff was not the subject wanted for murder.

Ohio Jury Instructions, False Arrest, Defense – probable cause, § 309.05.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>FALSE IMPRISONMENT</u>

A false arrest or false imprisonment is the unlawful restraint by one person of the physical liberty of another.

An arrest is unlawful if it is made without probable cause.

To establish a false arrest, the restraint must be unlawful and there must be some actual or implied display of authority.

In order for the plaintiff to recover, he must show by the greater weight of the evidence an unlawful arrest which directly caused damage.

Ohio Jury Instructions, False Arrest and False Imprisonment, § 309.01.

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**<u>QUALIFIED IMMUNITY – GOOD FAITH DEFENSE</u>**

If you find that the Plaintiff has proven his claim, you must then consider the Defendant

Officers' defense that they acted in good faith and therefore, are not liable. The concern of the

good faith inquiry is to acknowledge that reasonable mistakes can be made as to the legal

constraints on particular police conduct.

If, after considering the scope of discretion and responsibility generally given to police

officers in the performance of their duties, and after considering all of the surrounding

circumstances of the case as they would have reasonably appeared at the time of the searches,

you find from a preponderance of the evidence that the police officers had a reasonable and good

faith belief that their actions did not violate the constitutional rights of the plaintiff, then you

cannot find them liable even if the Plaintiff's rights were in fact violated as a result of the

Defendant's good faith action.

Qualified Immunity "gives ample room for mistaken judgments by protecting all but he

plainly incompetent or those who knowingly violate the law."

*Saucier v. Katz*, 533 U.S. 194, 205 (2001)

*Fisher v. City of Memphis*, 234 F.3d 312 (6th 2000) (While the issue of qualified immunity
normally rests with the court, in cases arising under the Fourth Amendment's U.S. Const.
Amend. IV, reasonableness standard, the applicability of qualified immunity will often turn on
the resolution of contested factual issues. Where the legal question of qualified immunity turns
upon which version of facts one accepts, the jury, not the judge must determine liability.)

*Saucier v. Katz*, 533 U.S. 194, 205 (2001);

*Anderson v. Creighton*, 483 U.S. 635, 638 (1987);

*Malley v. Briggs,* 475 U.S. 335, 341 (1986);

§1983 Litigation Forms §5-61, 3rd Ed. (2002).

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**NEGLIGENCE INSUFFICIENT FOR LIABILITY UNDER §1983**

Negligent conduct may not form the basis for a claim of excessive force under the federal Constitution.  Negligence is defined as the failure to use ordinary care.

Therefore, if you find that the Defendant Officers were merely negligent in their duties, you shall not find them liable on Plaintiff's claim of any violation of Plaintiff's Fourth or Fourteenth Amendment rights.

*Daniels v. Williams*, 474 U.S. 27 (1986)

*Collins v. City of Harker Heights*, 503 U.S. 115 (1992)

*Lewellen v. Metropolitan Government*, 34 F.3d 345, 349 (6th Cir)

Ohio Jury Instructions, General, §7.10 (2002)

§1983 Litigation Forms §5-52 (2002)

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

Whenever an individual intentionally or recklessly acts in an extreme and outrageous manner so as to cause serious emotional distress to another, he may be held liable for any mental or physical injury caused.

Liability exists only where the conduct is so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and may be regarded as atrocious and utterly intolerable in a civilized community.

In order to recover the plaintiff must prove by the greater weight of the evidence three elements:

(1) That the defendant intentionally or recklessly acted in an extreme and outrageous manner.

(2) That defendant's actions proximately caused plaintiff's psychic (and) physical injuries.

(3) That plaintiff's mental anguish was serious and of a nature that no reasonable man could be expected to endure.

A person acts intentionally when he has the conscious objective to produce a specific result. A person intends an act when it is done purposely, not accidentally. The intent with which a person does an act is known only to himself, unless he expresses it to others or indicates it by his conduct.

A person acts recklessly when with heedless indifference to the consequences he perversely disregards a known risk that his conduct is likely to cause serious emotional distress.

An act is extreme and outrageous when it passes all reasonable bounds of decency and is excessive, wanton, or gross.

Ohio Jury Instructions, § 219.03;

*Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369, 453 N.E.2d 666;

*Reamsnyder v. Jaskolski* (1984), 10 Ohio St.3d 150, 462 N.E.2d 392.

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## <u>MALICIOUS PROSECUTION</u>

Malicious prosecution is the filing of a criminal proceeding against another without probable cause and with malice.

In order to recover, the plaintiff must prove by the greater weight of the evidence the following:

(A) The malicious filing of a prior case against the plaintiff by the defendant;

(B) The lack of probable cause for the filing of that prior lawsuit;

(C) The ending of that prior lawsuit in the plaintiff's favor;

(D) The seizure of plaintiff's person during the course of the prior lawsuit;

(E) All of which caused plaintiff injury or damages.

[Defendants Stanton, Machenheimer and Pompey were not responsible for the positive identification of plaintiff as the suspect wanted on the murder charge. Defendants did not file charges against plaintiff, nor did they arrest him as the suspect of the murder warrant.]

Probable cause is a reasonable ground of belief, supported by trustworthy information and circumstances known to the defendant and sufficiently strong to cause a reasonably careful person, under similar circumstances, to believe that the plaintiff was the suspect of a murder warrant and the defendants' detention of plaintiff in order to ascertain his identity and the means taken in such action were legally just and proper.

A person has probable cause to believe and act if a reasonable man would have so believed and acted.

If you find that the defendants had probable cause to believe that the plaintiff was the suspect of a murder warrant then the detention of the plaintiff by the defendants was lawful. The plaintiff cannot recover. This is true even though it later is discovered that the plaintiff was not the subject of the murder warrant.

Malice means an attitude or state of mind that makes a person knowingly do an act for an improper or wrongful purpose. It includes a wrongful act, intentionally done and without probable cause. It also includes an intent to annoy or injure another, although ill will or personal hostility are not required.

Malice may, but need not be, inferred from the absence of probable cause. The existence of malice may be determined from all the facts and circumstances in the evidence.

Ohio Jury Instructions, Chapter 330, § 330.01, 330.03, 330.05, 330.07

## DEFENDANTS' PROPOSED JURY INSTRUCTION

## MULTIPLE DEFENDANTS AND FAIR CONSIDERATION

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable, all Defendants are liable.  Each Defendant is entitled to a fair consideration of his own defense and is not to be prejudiced by the fact, if it should become a fact, that you find against one of them.  Nor should the Plaintiff be prejudiced by the fact, if it should become a fact, that you find in favor of one of the Defendants.

Fed. Jury Prac. & Inst., 5th Ed., §103.14

Model Jury Instruction for the 5th, 8th, 9th and 11th Circuits.

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**ACTUAL OR COMPENSATORY DAMAGES**

If you find, based on the foregoing instructions, that the Plaintiff has met his burden of proving, by the preponderance or greater weight of the evidence, all essential elements of one or more or all of his claims, you will then determine the amount of damages, if any, that the Plaintiff should receive. The fact that I instruct you on the proper measure or amount of damages should not be considered as an indication of any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given only for your guidance, in the event that you should find, by the preponderance of the evidence, that the Defendants are liable or legally responsible. The Plaintiff has the burden of proving, by the preponderance of the evidence, both that she is entitled to any damages and, if so, the amount of those damages. Any damages you decide to award must not be based on speculation or on uncertainty.

Fed. Jury Prac. & Inst., 5th Ed. §165.70

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**<u>PUNITIVE DAMAGES</u>**

The Plaintiff is also seeking punitive damages against the Defendants. Unlike compensatory damages, which are intended to make a party whole, punitive damages are intended to punish a wrongdoer and to discourage others from committing similar acts.

Punitive damages may be awarded against the Defendants only where they are shown to have been motivated by evil motive or intent or if his actions involved reckless or callous indifference to the federally protected rights of others. The Plaintiff must establish his entitlement to punitive damages by a preponderance of the evidence.

If you find that punitive damages should be assessed against any of the Defendant Officers, you may consider the financial resources of such Defendant Officer in fixing the amount of such damages.

*Vetters v. Berry,* 575 F.2d 90 (6th Cir. 1978);

*Lee v. Southern Home Corp.*, 429 F.2d 290 (5th Cir. 1970)

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**SECTION 1983 CLAIM – UNREASONABLE SEIZURE CLAIM**

In order to establish his Section 1983 claim predicated on the alleged violation of his Fourth Amendment Rights, the Plaintiff must prove by a preponderance of the evidence that Officers Stanton, Machenheimer and Pompey acted unreasonably when they detained him.

The Fourth Amendment reasonableness standard of the arrest or detention is based on probable cause. "Sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." Claims of innocence and minor discrepancies in physical features or other data do not render unreasonable an arrest pursuant to a facially valid warrant.

If you find that Defendants Stanton, Machenheimer and Pompey acted reasonably, based on the information in their possession, by taking Hawkins to the Hamilton County Justice Center to verify his identity in relation to the murder warrant, then you must find that the Defendants are not liable for a Fourth Amendment Constitutional violation.

*Hill v. California,* 401 U.S. 797 (1971);

*Baker v. McCollan*, 443 U.S. 137 (1979);

*Gray v. Cuyahoga County Sheriff's Dep't*, 150 F.3d 579 (6th Cir. 1998);

*Masters v. Crouch,* 872 F.2d 1248 (6th Cir. 1989);

*Cleveland v. Detroit*, 275 F. Supp. 2d 832 (E.D. Mich. 2003);

*Brady v. Dill,* 187 F.3d 104 (1st Cir. 1999).

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**SECTION 1983 CLAIM – DUE PROCESS**

"The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished 'without due process of law.'"

Due process does not require a police officer executing an arrest warrant to investigate every claim of innocence. The Constitution does not impose a requirement on the police to perform an "error free investigation" of every claim of innocence.

In order to establish his Section 1983 claim predicated on the alleged violation of his Fourteenth Amendment Right to due process, the Plaintiff must prove by a preponderance of the evidence that Officers Stanton, Machenheimer and Pompey acted with deliberately indifference.

Deliberate indifference requires that the Defendants had actual knowledge of a substantial risk and disregarded that risk by intentionally refusing or failing to take reasonable measures to deal with the problem. Mere negligence or inadvertence does not constitute deliberate indifference.

*Baker v. McCollan*, 443 U.S. 137 (1979);

*Johnson v. Chicago,* 711 F. Supp 1465, 1470 (N.D. Ill. 1989) (Interpreting *Daniels v. Williams,* 474 U.S. 327 (1986) and *Davidson v. Cannon*, 474 U.S. 344 (1986).

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**<u>QUALIFIED IMMUNITY-OHIO</u>**


If you find that the Defendants' actions were not manifestly outside the scope of their employment and that the Defendants' actions were without malicious purpose, without bad faith, and not in a wanton or reckless manner, then Officers Stanton, Machenheimer and Pompey are entitled to immunity from liability under Ohio Law.


Ohio Rev. Code §2744.03(A)(2); 2744.03(A)(6);

*Williams v. Franklin Cty. Bd. of Commrs.,* 145 Ohio App. 3d 790 (2001);

*Krokey v. Cleveland*, 146 Ohio App. 3d 179 (2001);

*Miller v. Leesburg*, 87 Ohio App. 3d 171 (1993).

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

**MUNICIPAL LIABILITY – RESPONDEAT SUPERIOR NOT APPLICABLE**

A municipality can be liable under § 1983 only where its policies are the moving force behind the constitutional violation. It is not enough merely to show that the City of Cincinnati employee caused the constitutional deprivation. The City may only be liable where you find that Plaintiff has been deprived of his constitutional rights and such deprivation was done pursuant to a governmental custom, policy, ordinance, regulation or decision. A governmental entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy. It is not enough merely to show that a City employee caused the Plaintiff's injury.

A policy or custom means a persistent, widespread, or repetitious course of conduct by policy makers with final authority to establish the City's policy with respect to the action ordered. It may be written, or it may be a consistent series of decisions and actions adopted or approved by the policy makers.

*City of Canton v. Harris,* 489 U.S. 378, 388–389 (1989).

*Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)

*Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986)

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988)

Fed. Jury Prac. & Inst., 5th Ed. §165.25